IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HUNTER MOUNTAIN INVESTMENT TRUST,** | § § § | |
| Appellant, | § § | |
| v. | § § | Civil Action No. **3:24-CV-1787-L** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** **and JAMES P. SEERY, JR.,** | § § § § § | |
| Appellees. | § | |

# MEMORANDUM OPINION AND ORDER

On July 12, 2024, Appellant's Motion for Leave to File Interlocutory Appeal ("Motion") (Doc. 1-7) was filed. Appellant's Motion seeks leave to appeal the bankruptcy court's interlocutory Order Extending Stay of Contested Matter by Right. Appellees oppose the Motion. After considering the Motion, the parties' briefs, and applicable legal standard, the court determines that Appellant's Motion should be and is hereby **denied**.

This is not the only appeal by Appellant Hunter Mountain Investment Trust ("Appellant" or HMIT") of the bankruptcy court's Order Extending Stay of Contested Matter by Right.[1] The events giving rise to this and the other appeals by HMIT of this order began with HMIT filing a Motion for Leave to remove James P. Seery, Jr. as the bankruptcy trustee of the Claimant Trust in the underlying bankruptcy action filed by Highland Capital Management, L.P. ("Highland").

---

[1] The other appeals by HMIT involve the same parties and bankruptcy order in which HMIT is similarly seeking reversal of the order in question by different legal grounds. *See* Civil Action Nos. 3:24-CV-1786-L (legal standard applicable to stays); and 3:24-CV-1912-E (mandamus).

**Memorandum Opinion and Order – Page 1**

Highland then moved to stay Appellants' Motion for Leave until after entry of final, nonappealable orders resolving the related appeals pending in the district court. The motion to stay was joined by the trustee. Appellant contends that the bankruptcy court's order granting Highland's motion to stay involves a controlling question of law for which there is a substantial ground of difference of opinion, and that an immediate appeal will materially advance the underlying litigation.

Appellees disagree, arguing that the bankruptcy court "prudently decided to stay adjudication of the Underlying [Motion for Leave] until HMIT's appeals were finally determined . . . to avoid having a third District Court judge weigh in on the same issue for the same entity (*i.e.*, whether HMIT is a "beneficiary" under the Claimant Trust)" with standing. Resp. 5. Appellees note that related appeals are pending before District Judges Ada Brown and Brantley Starr. In addition, Appellees note that the order appealed by Appellant is the third order by the bankruptcy court addressing standing issues. According to Appellees, in seeking leave to file this interlocutory appeal, HMIT is essentially requesting that this court "force the Bankruptcy Court to rule—for a third time—on whether they are beneficiaries of the Claimant Trust, the exact issue currently on appeal before District Judge Brown and District Judge Starr."[2] Resp. 12. Appellees contend that, contrary to HMIT's assertion, the stay sought and granted is not indefinite and will end once the pending appeals are resolved. Additionally, Appellees argue that the bankruptcy court's stay order does not address the merits of the underlying Motion for Leave and, thus, does not involve any controlling question of law; there is no substantial difference of opinion because this interlocutory appeal factor refers to unsettled law, not mere discontent by the appealing party regarding a ruling;

---

[2] Appellees assert that that the related appeals pending before Judge Brown and Judge Starr were brought by HMIT and Dugaboy. *See* Civil Action Nos. 3:24-CV-1531-X; and 3:23-CV-2701-E.

**Memorandum Opinion and Order – Page 2**

and allowing the interlocutory appeal would merely prolong the underlying litigation rather than advancing it because the other pending appeals will resolve the issue of whether HMIT has standing as a beneficiary of the Claimant Trust to seek removal of Mr. Seery as the trustee of the Claimant Trust.

Interlocutory appeals are not favored because they interfere with the overriding goal of the bankruptcy system and the expeditious resolution of pressing economic difficulties. *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). As a result, leave for an interlocutory appeal is granted only in exceptional circumstances that justify overriding the general policy of not allowing such appeals. *Id.* Section 158(a)(3) does not set forth a standard for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but many district courts have adopted the standard under 28 U.S.C. § 1292(b). *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of this order must materially advance the ultimate termination of the litigation. *Id.* Furthermore, "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed or balanced." *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Case Nos. 3:11-CV-003-K, 3:10-CV-2541-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011).

For the reasons essentially stated by Appellees, the court agrees that HMIT has not satisfied the requirements for interlocutory appeals, and an interlocutory order regarding the bankruptcy court's stay order would only serve to unnecessarily delay the underlying litigation and cause confusion in light of the related appeals pending before Judges Brown and Starr. Appellant's decision to file more than one appeal of the bankruptcy court's stay order only serves to add to this

**Memorandum Opinion and Order – Page 3**

potential confusion. The court, therefore, **denies** Appellant's Motion for Leave to File Interlocutory Appeal (Doc. 1-7) and **dismisses** this appeal.

    **It is so ordered** this 29th day of October, 2024.

                                             Sam A. Lindsay
                                             United States District Judge